# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# NORTHERN DIVISION
# at COVINGTON

Civil Action No. 12-214-HRW

SANDRA TITCOMB,                                    PLAINTIFF,

v.                **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE
COMMISSIONER OF SOCIAL SECURITY,          DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current application for supplemental security income benefits on March 25, 2009. She alleges disability beginning the same date, due to bipolar disorder, ADHD, PTSD, OCD, panic attacks, hypertension, a pinched nerve in her back, degenerative disc disease, hepatitis C and Bell's palsy (Tr. 66-

72). This application was denied initially and on reconsideration. On July 13, 2011, an administrative hearing was conducted by Administrative Law Judge Kenneth Wilson (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, William Cody, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On August 2, 2011, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 28-38). He found Plaintiff had a combination of severe impairments, including bipolar disorder, anxiety disorder, hepatitis C, asthma, and mild degenerative joint disease (Tr. 30). Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity (RFC) to perform light work activity, with the following additional limitations:

> . . . the claimant is able to understand and carry out repeated oral instructions for two step sustained tasks to completion in a calm setting with explained changes and no strict time limit pressures, the claimant will require occasional extra supervisory redirection and support, the claimant can frequently climb ramps and stairs, she should never climb ladders ropes or scaffolds, she can frequently balance, occasionally stoop, frequently crouch, occasionally crawl, there are no visual limitations, she should avoid concentrated exposure to pulmonary irritants, dusts and gases, and she should avoid concentrated exposure to extreme heat and cold.

(Tr. 32).

The ALJ determined that, given this RFC, Plaintiff would be able to perform her past relevant work as a cook and food server (Tr. 37). Alternatively, relying on vocational expert (VE) testimony, the ALJ determined that Plaintiff retained the RFC to perform other jobs existing in significant numbers in the national economy (Tr. 37-38). As a result, the ALJ determined Plaintiff was not

disabled through August 2, 2011, the date of the administrative decision (Tr. 38).

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner.

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 14 and 16] and this matter is ripe for decision.

## II. ANALYSIS

### A. Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the

4

Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

**B.     Plaintiff's Contentions on Appeal**

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ failed to account for her Bell's palsy as a severe impairment; (2) the ALJ improperly rejected the opinion of her treating psychiatrist, Dr. Kode Murphy and of a consultative psychologist, Dr. W. Michael Nelson and (3) the ALJ improperly evaluated her credibility.

**C.     Analysis of Contentions on Appeal**

Plaintiff's first claim of error is that the ALJ failed to account for her Bell's palsy as a severe impairment.

The Court notes that the ALJ did determine that Plaintiff had a combination of severe impairments, including bipolar disorder, anxiety disorder, hepatitis C, asthma, and mild degenerative joint disease (Tr. 30, finding no. 2). See 20 C.F.R. § 416.920(a)(4)(ii). Having found in Plaintiff's favor at step two, the ALJ proceeded through the other steps of the sequential evaluation process (Tr. 30-38). Therefore, the specific impairment or impairments the ALJ noted in his step two

5

finding is irrelevant as he went on the complete the evaluation process. *Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987).

Even if the ALJ had not found any other severe impairments, the record does not establishing that Plaintiff's Bell's palsy is severe, as contemplated by the Regulations. It is well established that the mere diagnosis of a condition says nothing about is severity. *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988). The pertinent inquiry is whether or not the condition is disabling.

In this case, there is no indication in the record from any medical source suggesting Bell's palsy significantly affected Plaintiff's ability to engage in basic work-related activities (Tr. 30). In fact, when Plaintiff sought emergency room treatment in November 2009 after developing Bell's palsy, she denied a sensory component or acute eye or speech symptoms (Tr. 294, 301). Accordingly, in his role as fact finder, the ALJ properly determined that Bell's palsy was a nonsevere impairment (Tr. 30).

Plaintiff's second claim of error is that the ALJ improperly rejected the opinion of her treating psychiatrist, Dr. Kode Murphy and of a consultative psychologist, Dr. W. Michael Nelson.

The Court will first address Plaintiff's claim of error as to the opinion of a treating physician. In order to be given controlling weight, the opinions of a

treating source on issues involving the nature and severity of a claimant's impairments must be well supported by medically acceptable clinical and laboratory diagnostic techniques, and be consistent with other substantial evidence in the case record. 20 C.F.R. § 416.927(d)(2). Such opinions receive deference only if they are supported by sufficient medical data. *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985).

Plaintiff saw Dr. Murphy on a monthly basis between April 2010 and May 2011. In July 2011, he completed a "Mental Impairment Questionnaire" at Plaintiff's request, in which he described her condition as "moderate" in severity and assessed her with a global assessment of functioning (GAF) score of 603 (Tr. 478). Despite characterizing Plaintiff's condition as "moderate," Dr. Murphy opined that she would be "unable to meet competitive standards"4 in almost all functional areas (Tr. 480-81). Additionally, Dr. Murphy opined that Plaintiff had "marked" functional limitations in restriction of daily activities; difficulties in maintaining social functioning; and difficulties in maintaining concentration, persistence, or pace (Tr. 481).

The ALJ found that Dr. Murphy's assessment was internally inconsistent because the assigned GAF score of 60, which the DSM-IV-TR characterizes as the high end of moderate psychological symptoms, did not support psychological

7

symptoms that were work preclusive (Tr. 34). The ALJ also noted that Dr. Murphy's assessment was not consistent with the record evidence, including his own treatment notes, which did not reflect a marked level of inability to function in the workplace (Tr. 35). Accordingly, the ALJ properly concluded that Dr. Murphy's assessment was not well supported. The Court finds no error in this regard.

As for the opinion of Dr. Nelson, the ALJ discounted it, finding it was based primarily on Plaintiff's subjective complaints rather than objective and credibly evidence in the record (Tr. 34-35). Dr. Nelson examined Plaintiff on one occasion in May 2010 and noted that she seemed to experience marked deficits in immediate recall, arithmetic reasoning, and practical judgment in theoretical social situations (Tr. 350). According to Dr. Nelson, Plaintiff described her depression as recurrent in nature and reported heightened levels of anxiety and apprehensiveness (Tr. 350). Based on Plaintiff's presentation, Dr. Nelson diagnosed her with a personality disorder, major depressive disorder, polysubstance dependence (reportedly in remission), and PTSD (Tr. 350). Dr. Nelson also opined that Plaintiff would be "marked impaired" in the following areas: relate to others, including coworkers and supervisors; maintain attention, concentration, persistence and pace to perform simple, repetitive and/or routine tasks; and

8

withstand the stress and pressure associated with day-to-day work activity (Tr. 350). In rejecting Dr. Nelson's assessment, the ALJ noted that it was a "one-time snapshot" of Plaintiff's condition and relied "too heavily" on Plaintiff's subjective allegations, which, as will be discussed more fully below, the ALJ found were not credible due to inconsistent reporting and exaggeration of symptoms (Tr. 35). The ALJ's stated reasons for giving little weight to Dr. Nelson's opinion are legitimate. Again, the Court finds no error in this regard.

Finally, Plaintiff contends that the ALJ improperly discounted her credibility.

Upon review of an ALJ's decision, this Court is to accord the ALJ's determinations of credibility great weight and deference as the ALJ has the opportunity of observing a witness' demeanor while testifying. *Walters v. Commissioner of Social Security*, 127 F.3d 525, 528 (6th Cir. 1997). Again, this Court's evaluation is limited to assessing whether the ALJ's conclusions are supported by substantial evidence on the whole record.

In this case, the ALJ found the Plaintiff's statements concerning her symptoms "not credible." (Tr. 34). Plaintiff testified that as a result of Bell's palsy, she had blurriness and watering in the left eye and had problems keeping that eye open (Tr. 52, 60). She also testified that she had a pinched sciatic nerve that

resulted in her being unable to sit more than 25 minutes, stand more than 15-20 minutes, or walk more than a couple of blocks (Tr. 61-64). Plaintiff also alleged having panic attacks daily (Tr. 70). Despite continuing to smoke, Plaintiff claimed that her asthma required her to use an inhaler seven to eight times a day (Tr. 66). Additionally, Plaintiff testified that she was fatigued due to hepatitis C (Tr. 68).

Subjective claims of disabling pain must be supported by objective medical evidence. *Duncan v. Secretary of Health and Human Services*, 801 F.2d 847, 852-853 (6th Cir. 1986). Based upon the record, Plaintiff's subjective complaints do not pass *Duncan* muster. The medical evidence of record do not support Plaintiff's allegations of disabling impairment. The ALJ considered that Plaintiff had never been psychiatrically hospitalized and that her mental health treatment had been relatively conservative (Tr. 34). With regard to Plaintiff's allegations of debilitating asthma and lumbar spine problems, the ALJ noted that there was no evidence she had been prescribed an inhaler and that her consultative physical examination had been normal (Tr. 34, 284-90). While the ALJ acknowledged Plaintiff had been diagnosed with hepatitis C, she had not sought treatment for this condition during the relevant period (Tr. 34). Moreover, Plaintiff sought no treatment for hepatitis C since she was first diagnosed with this condition in 1996 (Tr. 284).

The ALJ also found that Plaintiff's credibility was diminished by her inconsistent reporting and exaggeration of symptoms (Tr. 35). The ALJ noted Plaintiff had inconsistently reported several facts about herself, including the number of siblings she has and where she has worked in the past (Tr. 35). Plaintiff told Dr. Nelson that she had only a brother, who had committed suicide (Tr. 346); however, Plaintiff reported elsewhere that she also had a sister, with whom she had a good relationship and was staying with at the time of the administrative hearing (Tr. 54, 267-68). Plaintiff also told Dr. Nelson that she had been sexually abused by both her father and an uncle for several years while she was a child and had been raped at age 24 by a stranger (Tr. 346); however, while in prison, Plaintiff reported that she had been molested on one occasion by a babysitter's husband and had been raped three times while prostituting (Tr. 408). On another occasion, Plaintiff told an examiner at the CCC that she had been molested by a babysitter and an older half-brother and had been raped by two clients while she was a prostitute (Tr. 272).

The record is replete with inconsistencies which undermine Plaintiff's credibility. As such, the Court finds no error in the ALJ's assessment of the same.

Plaintiff argues that the ALJ impermissibly considered her past history of drug addiction without following the procedure for evaluating drug and alcohol

11

addiction found that 20 C.F.R. 416.935 (Pl.'s Mem. at 12). Although the ALJ noted Plaintiff's extensive history of polysubstance abuse, including crack cocaine, heroin, marijuana, and Xanax (Tr. 271, 319, 394), he accepted her testimony that she no longer used drugs or alcohol after she filed her SSI application (Tr. 31, 79). Plaintiff has not shown that the ALJ's consideration of her past criminal and polysubstance history constituted reversible error.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 14th day of March, 2014.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge

———————————————
Henry R. Wilhoit, Jr., Senior Judge